SCI. FA.

*Case 4.*

*September* 14.

Case stated.

## Applegate *vs* Commonwealth.

### ERROR TO THE JEFFERSON CIRCUIT.

*Criminal case.   Sci. fa.*

JUDGE BRECK delivered the opinion of the Court.

THIS was a *scire facias* upon a recognizance entered into by West, with Applegate as his surety, in the Jefferson Circuit Court, in the sum of three hundred dollars, conditioned that West should keep the peace and be of good behavior for twelve months.

The *scire facias* avers that West had violated the condition of the recognizance by committing an assault and battery upon one Alexander S. Fowler, within the period therein named.   The defendants filed a demurrer and plea of not guilty.   The demurrer was overruled and a verdict and judgment rendered for the Commonwealth for three hundred dollars, and the defendants have brought the case to this Court.

The first, and indeed only question presented by the record, which we deem necessary to notice, arises upon the defendant's demurrer.

A *Sci. fa.* on a recognizance to keep the peace must conclude, "against the peace and dignity of the Commonwealth of Kentucky," and the omission is fatal on demurrer.

The statute, (1 *Stat. Law*, 199,) requires all process upon recognizances in all criminal cases, to conclude "against the peace and dignity of the Commonwealth of Kentucky," and this Court has held the omission of that clause in a *scire facias* upon such recognizance, fatal on demurrer: *Downing* vs *Commonwealth*, (4 *Monroe*, 512;) *Commonwealth* vs *Kimberlain*, (6 *Monroe*, 44.)

As the *scire facias* in the case before us does not conclude as required by the statute, nor any where contain the clause "against the peace and dignity of the Commonwealth of Kentucky," it would follow that it was defective and insufficient, provided the expression in the statute "*in all criminal cases*" should be construed to embrace a case of this kind.

—It is a *criminal* proceeding as contra distin-

The term "criminal," when used in reference to judicial proceedings, is opposed to "civil," and in its most comprehensive meaning, may be regarded as including

all cases for the violation of the penal laws. In one of the cases referred to, the recognizance was taken in a case of felony. The offence charged in the indictment in the other case, does not appear. The *Commonwealth* vs *Porter*, (1 *Marshall*, 44,) was a prosecution for bastardy, which this Court recognized as a criminal and not a civil case, and as embraced by the provisions of the statute in question, requiring recognizances in *all criminal cases* to be taken in the name of the Commonwealth of Kentucky.

COLLINS, &C.<br>os<br>CARLISLE'S HRS.<br><br>guished from civil, within the meaning of the constitution of Kntucky.

This is very clearly not a civil case, but, in our opinion, should be considered as embraced by the expression "in all criminal cases," as used in the statute; and consequently the Court below erred in overruling the defendant's demurrer.

Wherefore, the judgment is reversed and the cause remanded, with directions to sustain the demurrer and quash the *scire facias*.

*Greene* for plaintiff; *Cates, Attorney General*, for Commonwealth.